**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JAMES CORNELIUS** | **:** | **CIVIL ACTION NO. 20-cv-00222** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **AMERICAN COMMERCIAL BARGE LINE LLC** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a Motion to Transfer Venue filed by defendant American Commercial Barge Line LLC ("ACBL"). Doc. 4. ACBL suggests that all relevant factors weigh in favor of transfer of this matter to the Eastern District of Louisiana, including the convenience of the parties and witnesses. Plaintiff James Cornelius opposes the motion. Doc. 9.

After considering ACBL's motion and memorandum in support (doc. 4), plaintiff's opposition memorandum (doc. 9), and defendant's reply (doc. 10), this court has determined that the Motion to Transfer should be **GRANTED**.

## I.
## BACKGROUND

Plaintiff is a resident of Port Arthur, Texas. Doc. 9, p. 5. He alleges that, on March 16, 2018, he was employed as a seaman working aboard the M/V FLICKA (later corrected to M/V FLICKER) on the lower Mississippi River and that he was injured when a vessel owned and/or controlled by ACBL caused one or more barges to strike the M/V FLICKER. Doc. 1, p. 2. Plaintiff seeks damages stemming from back and neck injuries, along with alleged physical and mental suffering, loss of enjoyment of life, and loss of earning capacity. Doc. 1, p. 4.

Although the parties disagree as to whether the accident occurred near Destrehan or near Harahan,[1] Louisiana, neither of those locations falls within the geographic boundaries of the U.S. District Court for the Western District of Louisiana; both are situated on the Mississippi River near New Orleans in the Eastern District of Louisiana.

ACBL advises of two suits arising out of the same accident or occurrence that precipitated Plaintiff's lawsuit: a state court lawsuit by Billy Morgan currently pending in the 24th Judicial District Court for the Parish of Jefferson, styled *Morgan v. American Commercial Barge Line, LLC*, No. 791-564 (La. 24th J.D.C.), and a Complaint and Petition for Exoneration from or Limitation of Liability filed by Baton Rouge Harbor Service, Inc., pending in the U.S. District Court for the Eastern District of Louisiana, styled, *In re: Baton Rouge Harbor Service, Inc.*, No. 20-cv-133 (E.D. La.).[2] Doc. 4, att. 1, pp. 3-4; Doc. 4, att. 5; Doc. 4, att. 6. Both of these courts are located in the New Orleans area.

This matter was stayed following the filing of a suggestion of bankruptcy for ACBL. Doc. 3. On plaintiff's motion, the court lifted the stay on August 23, 2021. Doc. 13.

## II.
## THE PARTIES' ARGUMENTS

ACBL argues that this matter lacks any connection to the Western District of Louisiana and that the interests of justice and convenience require transfer to the Eastern District of Louisiana. Doc. 4-1., p. 1. ACBL argues that most of the relevant sources of proof, including the accident site and key witnesses, are located in and around Harahan, Louisiana, in the Eastern District. ACBL suggests that witnesses include the U.S. Coast Guard (Sector New Orleans), and

---

[1] Plaintiff alleges the accident took place near Destrehan, Louisiana. Doc. 1, p. 2. ACBL states that the adjacent town was Harahan, Louisiana, based on the supporting affidavit of James Masters. Doc. 4-1, p. 2; Doc. 4-4.

[2] The limitation action was originally filed in the U.S. District Court for the Eastern District of Texas, but was transferred to the Eastern District of Louisiana following ACBL's motion to transfer venue. Doc. 4-6.

Johnson Marine, LLC, both of which investigated the incident, as well as witnesses to the accident who reside near New Orleans, including crewmembers of the vessels, as well as pilot Willie Jethroe and Captain Anthony Verdin. Doc. 10, pp. 5-6. ACBL expresses concern that such witnesses would be outside the subpoena power of the court if residing over 100 miles from the Western District courthouse. ACBL further argues that the interests of justice would be best served by trying this matter in the same geographic location as the two related actions described above.

Plaintiff argues that the Western District of Louisiana is his choice of forum because he resides nearby and because plaintiff's counsel resides in the Western District of Louisiana. Doc. 9, p. 1. Plaintiff argues that he and his spouse, both likely witnesses, live in Port Arthur Texas, and his treating physicians are located in Beaumont, Texas, much closer to the courthouse Lake Charles than to the courthouse in New Orleans. *Id.* Plaintiff suggests that the cost of having his physicians testify in New Orleans would be prohibitive. Doc. 7, p. 11. Plaintiff argues that ACBL provides no explanation as to why the Coast Guard and Johnson Marine inspectors should be considered key witnesses. Doc. 9, pp. 5-6.

## III. ANALYSIS

District courts have discretion to order transfer within the limitations set forth by 28 U.S.C. §§ 1404 and 1406. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008)("*Volkswagen II*"). When venue is proper in the original forum, a venue transfer request is governed by 28 U.S.C. § 1404(a). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought [ . . . ]" 28 U.S.C. § 1404 (a). Movant/defendant ACBL does not argue that venue is improper in the

Western District of Louisiana.[3] Plaintiff concedes that the Eastern District does qualify as a venue where the matter "might have been brought" under 28 U.S.C. § 1404(a). Doc. 9, p. 3. There being no dispute that venue would be proper in either the Eastern or Western District of Louisiana, the court will proceed to consider the interest factors affecting a decision to transfer venue.

After determining whether a claim could have been brought in the transferee court, the court determines whether convenience and the interests of justice favor transfer. *Volkswagen II*, 545 F.3d at 312. This determination is made through an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 84 S. Ct. 805, 812 (1964). The convenience determination weighs several public and private interest factors. *Volkswagen II*, 545 F.3d at 315. This list is "not necessarily exhaustive or exclusive." *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 936 (W.D. La. 2014) (quoting *Volkswagen II*, 545 F. 3d at 315). The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004)("*Volkswagen I*"). The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* Movant bears the burden of showing "good cause" for the transfer, which means

[3] Plaintiff argues that venue is proper in the Western District under the special venue analysis for admiralty actions. *See* Fed. R. Civ. P. 9(h); Fed. R. Civ. P. 82; *Barnett v. Kirby Inland Marine, Inc.*, 202 F. Supp. 2d 664, 667 (S.D. Tex. 2002). Plaintiff asserts that ACBL has a significant presence in southwest Louisiana because of the navigation of its watercraft in the Intracoastal waterway, making both venue and personal jurisdiction proper here. ACBL does not dispute these assertions explicitly. Therefore, we assume without deciding that venue is proper in the Western District.

demonstrating, "that the transferee venue is clearly more convenient" than the plaintiff's chosen venue. *Id*. "This 'good cause' burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.*

**A. Private Interest Factors**

First, regarding the relative ease of access to sources of proof, we conclude that this factor favors transfer because no sources of proof are in the Western District of Louisiana, but significant sources of proof are in the Eastern District of Louisiana. This factor examines the location of documents and physical evidence. *Phills v. Hilcorp Energy Co.*, No. 6:13-CV-02427, 2013 WL 5935369, at *2 (W.D. La. Nov. 5, 2013). Plaintiff's medical treatment records are in neither of the potential venues, but rather in Beaumont, Texas. Doc. 9, p. 1. The accident site itself is in the Eastern District of Louisiana. In the transfer analysis performed by the Eastern District of Texas in the admiralty action brought by the owner of the M/V FLICKER, that court concluded that this factor weighed in favor of transfer to the Eastern District of Louisiana, noting that:

> [t]he documents and physical evidence relating to the incident are located in or around Destrehan, Louisiana, the allision site. Specifically, the United States Coast Guard, Sector New Orleans, which investigated the accident and prepared reports pertaining to its observations, is located in Destrehan, Louisiana. In addition, a view of the allision site is available only in Destrehan, Louisiana. [ . . . ]

*In re the Complaint and Petition of Baton Rouge Harbor Service, Inc., as Owner Pro Hac Vice of the M/V Flicker Official No. 629861*, No. 1:19-cv-404, p. 9(E.D. Tex. Dec. 20, 2019) (order granting transfer of venue) (Doc. 4, att. 6, p. 9). We agree with this analysis. Accordingly, this factor clearly favors transfer.

Second, regarding the availability of compulsory process, we conclude that this factor is neutral. "Rule 45(b)(2) of the Federal Rules of Civil Procedure allows a federal court to compel a witness's attendance at a trial or hearing by subpoena, but Rule 45(c) limits that power by

restricting the court's subpoena power to those witnesses who work or reside less than 100 miles from the courthouse." *Phills v. Hilcorp Energy Co.*, No. 6:13-CV-02427, 2013 WL 5935369, at *3 (W.D. La. Nov. 5, 2013). Plaintiff and his wife are nearer the Western District, but compulsory process will presumably not be needed to secure their attendance. Plaintiff's treating physicians are in Beaumont, Texas, nearer the Western District and within 100 miles of the Lake Charles, Louisiana, courthouse, but approximately 260 miles from the New Orleans courthouse in the Eastern District. The accident inspectors, crewmembers, and captains of the vessels are located nearer the Eastern District. Because each courthouse is located more than 100 miles from a group of important witnesses, neither alternative district is clearly more convenient in this regard. We also note that the parties are free to depose any out-of-state witness in the witness's home district, and to use that deposition testimony at trial should the witness be unable to appear in this district. FED. R. CIV. P. 32(a)(4).

Third, regarding the cost of attendance for "willing" witnesses, this factor weighs in favor of transfer. For this analysis, the convenience of key non-party witnesses is accorded greater weight than the convenience of party witnesses. *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 410 (S.D. Tex. 2016). Plaintiff's treating physicians reside nearer the Western District; a larger group of potential fact witnesses resides in or near the Eastern District, including investigators from the U.S. Coast Guard (Sector New Orleans) and Johnson Marine, LLC, crewmembers of the vessels, pilot Willie Jethroe, and Captain Anthony Verdin. Doc. 10, pp. 5-6. Focusing on the convenience of non-party witnesses, Plaintiff argues that the cost of having his physicians attend trial will be prohibitive in the Eastern District, but it will likely expensive to obtain the testimony of plaintiffs' treating physicians regardless of where that testimony is taken. Were the physicians to appear in court, they would have significant travel time to either courthouse

from Beaumont: approximately 60 miles to Lake Charles, Louisiana in the Western District, and approximately 260 miles to and New Orleans, Louisiana in the Eastern District. "When a particular witness will be required to travel 'a significant distance no matter where they testify,' then that witness is discounted for purposes of the '100 mile rule' analysis." *U.S. United Ocean Servs., LLC v. Powerhouse Diesel Servs., Inc.*, 932 F. Supp. 2d 717, 731 (E.D. La. 2013) (quoting *Optimum Power Solutions LLC v. Apple, Inc.* 794 F.Supp.2d 696, 701 (E.D. Tex. 2011)). On the other hand, ACBL identifies several non-party witnesses nearer the Eastern District who would not be required to travel long distances, were venue transferred to that district. Thus, we find that this factor favors transfer to the Eastern District.

Fourth, regarding all other practical problems that make trial of a case easy, expeditious and inexpensive, this factor weighs in favor of transfer. In its reply brief, ACBL describes the other two lawsuits currently pending in eastern Louisiana, and ACBL argues that "there is sufficient opportunity by all parties in these three (3) pending cases to coordinate for necessary discovery and proceedings to be conducted jointly and/or at or around the same time and location [ . . . ]." Doc. 10, p. 5. ACBL suggests that vessel crewmembers, out-of-state corporate representatives, and investigators could be called upon to give testimony. Although ACBL's vision of coordinating discovery and proceedings may be optimistic, the court agrees that it will only be possible to coordinate court appearances (and necessary travel and time away from work for non-party witnesses) in the three actions if all three are pending in the geographic same area.

We conclude that the private interest factors clearly weigh in favor of transfer. We next examine the public interest factors.

**B. Public Interest Factors**

Regarding the local interest in having localized interests decided at home, ACBL stresses that that there is no meaningful connection between the underlying dispute and the Western District of Louisiana. We agree.

"Th[e public interest] factor seeks to uphold the ideal that '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.'" *Haughton v. Plan Adm'r of Xerox Corp. Ret. Income Guarantee Plan*, 2 F. Supp. 3d 928, 937 (W.D. La. 2014) (citing *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004)). Although Plaintiff lives near the Western District of Louisiana, he does not live in it, and this district's connection to the case is otherwise minimal. On the other hand, the Eastern District of Louisiana is home to the accident site, and a maritime accident occurring on the Mississippi River would presumably qualify as a matter of local public interest in the greater New Orleans area. This factor therefore favors transfer.

The remaining public interest factors are neutral or not implicated by this matter. Regarding the familiarity of the forum with the law that will govern the case, this factor is neutral because both the Eastern and Western Districts of Louisiana are well-versed in the law governing maritime personal injury. The remaining public interest factors, concerning administrative difficulties flowing from court congestion and the avoidance of unnecessary problems in conflict of law, are not implicated by this matter.

## III.
## CONCLUSION

For the reasons discussed above and after careful consideration of the pleadings, the motion to transfer venue, the response and reply, the record and evidence in this case, and the arguments of the parties, the Court concludes that the Eastern District of Louisiana is a more convenient venue

than this Court. The Court therefore **GRANTS** ACBLs Motion to Transfer Venue (Doc. 4) and **IT IS ORDERED** that the above captioned matter be, and the same is hereby transferred to the U.S. District Court for the Eastern District of Louisiana.

**IT IS FURTHER ORDERED** that this Order shall be **STAYED** for a period of fourteen (14) days pending any appeal to the District Judge. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall refer the action forthwith.

THUS DONE AND SIGNED in Chambers this 12th day of October, 2021.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE